## SOCONY VACUUM OIL CO., Inc., v. HENSON.

### No. 4234.

Court of Civil Appeals of Texas.
Sept. 28, 1944.

Rehearing Denied Nov. 1, 1944.

Lipscomb & Lipscomb, of Beaumont, for appellant.

Adams, Hart & Daughtry, of Beaumont, for appellee.

MURRAY, Justice.

The appellant's steamship, the S/S Ario, was torpedoed and shelled by ·an enemy submarine or submarines while on its southbound voyage from New York to the Texas Gulf coast, March 15, 1942, off the North Carolina coast. The appellee was a member of the crew of the vessel. The ship was torpedoed shortly after midnight and while the crew was abandoning ship, the lifeboat in which the appellee and the other members of the crew were attempting to leave the vessel was struck by shells fired by the surfaced enemy vessel or vessels, and he was severely injured when struck by shrapnel or other shell fragmentation. The appellee brought his suit in the district court of Jefferson County, Texas, under two counts, one for maintenance and cure under the general admiralty law and the other for damages under the Jones Act, 46 U.S.C.A. § 688. After a trial before a jury, judgment was rendered by the court against the appellant for $1,650 for maintenance and cure and $18,500 for damages which the appellee charges were proximately caused by the negligence of the appellant in failing to arm the S/S Ario. The appellant has duly perfected its appeal but does not complain against that portion of the judgment which awards recovery for maintenance and cure. It complains upon appeal of that portion of the judgment predicated upon damages found by the court and jury to have been proximately caused by the negligence of the appellant in failing to arm the Ario.

The appellant, Socony Vacuum Oil Company, Incorporated, operated a large number of oil tankers in transportation of petroleum products. Some six months before the entrance of the United States into the war against Germany, Italy and Japan, the United States government, through the United States Maritime Commission, began a program of preparing for arming merchant vessels, and particularly tankers, with guns to be operated by Navy gun crews for the protection of such vessels on the high seas. In the correspondence between the Maritime Commission and the appellant, appellant was requested to provide the Maritime Commission with schedules of its ships, showing dates and ports of sailings, in order that degaussing systems, gun foundations and other installations could be installed. The Ario was one of the vessels named by the Maritime Commission in its correspondence as early as May 15, 1941.

After the United States entered the war, various other vessels of appellant were armed by the Maritime Commission and guns and gun crews of the United States Navy were placed thereon, upon request of appellant. The Ario was to have been brought to a Texas port for dry docking and installation of such protective equipment April 6, 1942, but she was lost on March 15th, about three weeks before she was scheduled to go into the dry dock for that purpose. Other vessels of the appellant had been armed by the United States government within two or three weeks after request was made by the appellant to the Maritime Commission for such arming, but the Ario had never been armed and at the time of her loss had no guns or other defensive weapons aboard her except various pieces of small arms.

The appellant has lost a substantial number of vessels by enemy action since the outbreak of the war, the exact number of which is not given in the testimony but which was stated to be confidential information. About one-half of the vessels so lost by the appellant were armed. The evidence in the case gives no light upon the effectiveness of guns on tankers as a defensive precaution against torpedoing or shell fire attack by enemy submarines.

The personal injuries received by the appellee are grave and serious and the amount of damages awarded him by the court and jury are not excessive.

It is a highly debatable question whether the failure to arm the Ario was negligence. We do not decide here whether it was negligence but decide the case on the question of proximate cause. The only question for consideration in this appeal, as we see it, is whether the failure on the part of Socony Vacuum Oil Company, Incorporated, to arm the Ario prior to her final voyage was a proximate cause of the injuries inflicted upon the appellee by enemy shell fire at the time of the torpedoing and shelling of the vessel. The outstanding feature of the record in this case in that connection is the absence of any evidence which would establish the necessary proposition that the presence on the Ario, at the time of her loss, of naval guns and a navy gun crew would have prevented the shelling attack by enemy submarines, and would have thus prevented the injuries to the appellee received in such attack. One of the essential features of an act which make it a proximate cause of an event is that "it produces

the event and is a cause without which that event would not have occurred." There is no evidence anywhere in the testimony produced on the trial of this case which will indicate to that degree of certainty required by the law that had the Ario been equipped with guns and a navy crew the enemy vessels would not have been able to shell the lifeboat and cause the grievous injuries which the appellee then received. Speculation may lead to the conclusion that had such defensive elements been installed on the Ario the commander of the enemy vessels might not have surfaced and shelled the vessel and its lifeboat, but such speculation is not sufficient to support the finding of the jury in this case, that the action of the appellant in failing to arm the S/S Ario was the proximate cause of the injury and damages suffered by the appellee.

The appellee does not contend in his brief that arming the Ario would have prevented the torpedo attack, but maintains that it would have prevented the surface shelling of the men in the life boats who were leaving the vessel after she was hit by the torpedo. It was, of course, in this shelling attack that appellee received his injuries. The proof is not present in the evidence that any guns or gun crews on the tankers had ever withstood or prevented such an attack by shelling. There is no way for one to determine, from the evidence, whether the commander of the attacking submarines would or would not have surfaced and shelled the Ario if she had been armed with guns and gun crew. There is no way for one to determine, from the evidence, whether navy guns and gun crew would have driven off a shelling attack by enemy submarines, had they surfaced and attacked the Ario by shell fire, if she had been armed at the time.

The appellant in its Third and Fourth Points has raised this question of the absence of evidence to support the jury's finding that the failure to arm the vessel was a proximate cause of the injuries received in the shelling of the lifeboats. The appellee replied in his brief to this contention by reviewing in detail the testimony of the captain and other members of the crew and

of himself as to the exact manner of the attack on the vessel and argues as follows: "The only reasonable inference that can be drawn from the action of the submarine in failing to subject the Ario to further torpedo attack and in immediately beginning shell fire, is that the submarine was fully aware that the Ario was unarmed and that the submarine was in no danger and running no risk in surfacing and subjecting the unarmed vessel to shrapnel fire. The submarine commander could not have hoped to sink the Ario with shrapnel. The object of this shrapnel attack could only have been to kill and demoralize the crew, and only upon the ground that the submarine commander knew that the Ario was unarmed, and this unarmed condition was not only a proximate cause, but was the sole cause for the shrapnel fire attack. It would have been a foolhardy act for the commander of a German submarine to risk his vessel and crew thousands of miles from home after a torpedo had already disabled the merchant vessel, which was the true and logical object of his attack, unless he was in possession of absolute knowledge that the Ario was unarmed. To argue that the unarmed condition of the Ario was not a proximate cause of the shell fire attack and injury to the plaintiff under the facts of this case are facetious."

We are unable to agree with the view so ably expressed by appellee. We sustain the contention of the appellant that the evidence is insufficient to support the finding of the jury that the failure to arm the vessel was a proximate cause of the enemy attack by shell-fire and the consequent injury to appellee. It is uncertain that the failure to arm the Ario was a cause which produced the shelling of the lifeboat of the Ario, and without which the shelling and striking of the lifeboat of the Ario would not have occurred.

That portion of the judgment in favor of appellee for the sum of $1,650 for maintenance and cure will be affirmed, and that portion of the judgment awarding appellee damages in the sum of $18,500 will be reversed and judgment rendered for the appellant.